# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER LITWIN,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:11-CV-01616-JCM-(RJJ)

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#3), respondents' motion to dismiss (#7), petitioner's response (#12), and respondents' reply (#15). The court finds that the petition (#3) is untimely, and the court grants the motion to dismiss (#7).

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of

certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

      Pursuant to a plea agreement, petitioner was convicted in state court of burglary. Petitioner was sentenced as a habitual criminal. See Ex. 3 (guilty plea agreement), Ex. 7 (original judgment of conviction), Ex. 19 (amended judgment of conviction) (#8). The state district court entered its original judgment of conviction on May 28, 2009. Petitioner did not appeal, and the judgment became final on Monday, June 29, 2009. Nev. R. App. P. 4(b)(1)(A), 26(a)(3) (extending deadline when last day is Saturday, Sunday, or nonjudicial day). Petitioner then filed a habeas corpus petition in state district court on May 13, 2010, 318 days later.[1] Ex. 10 (#8). The state district court denied the petition on January 12, 2011. Ex. 16 (#8). Petitioner appealed, and the Nevada Supreme Court affirmed on July 13, 2011, with a limited remand to correct an error in the judgment of conviction. Ex. 17 (#8). Remittitur issued on August 9, 2011. Ex. 18 (#8). The state district court entered its amended judgment on December 22, 2011. Petitioner mailed his federal petition (#3) to the court on September 30, 2011, 52 days after the issuance of the remittitur.

---

[1] Respondents state incorrectly that 350 days elapsed. Two days of the difference are because respondents did not account for the direct-appeal deadline falling on a Saturday. The other 30 days of the difference probably result from an error in arithmetic.

The court determines that the period of limitation started after June 29, 2009, when petitioner's time to file a direct appeal from the original judgment expired. The state district court entered the amended judgment simply to reflect that petitioner was convicted of burglary, because the original petition stated erroneously that petitioner was convicted of larceny. The correction in the amended judgment was not an issue that petitioner could have appealed. Cf. United States v. Colvin, 204 F.3d 1221, 1225 (9th Cir. 2000). Consequently, the amended judgment has no effect upon the court's calculations of timeliness.

Petitioner's state habeas corpus petition tolled the period of limitation, but the question is when that tolling started. Petitioner states that he mailed the state habeas corpus petition to the state district court on March 20, 2010, but that the state district court never received it. When petitioner learned of this, he told a friend who had a copy of the petition to mail it to the state district court, and he mailed a copy of the petition himself. The state district court received those documents on May 13 and May 19, 2010, respectively. Ex. 10, Ex. 11 (#8).

A state post-conviction petition is properly filed, and eligible for tolling pursuant to § 2244(d)(2), when the petitioner has met the filing conditions imposed by state laws.

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000). In a footnote, the Supreme Court reserved the question whether exceptions to a timely filing requirement would keep a late application from being considered improperly filed pursuant to § 2244(d)(2). The Supreme Court later answered that question in the negative. Pace, 544 U.S. at 413. The court further held "that time limits, no matter their form, are 'filing' conditions." Id. at 417. Later, the Supreme Court reaffirmed these holdings. Allen v. Siebert, 552 U.S. 3, 7-8 (2007). In short, a state post-conviction petition is properly filed, and eligible for tolling pursuant to § 2244(d)(2), when the petitioner has met the filing conditions imposed by state laws. The Nevada Supreme Court has held that a post-conviction petition is not properly filed according to Nevada law when it is mailed, but when it is received by the court. Gonzales v. State, 53 P.3d 901, 903-04 (Nev. 2002). In a case in which timeliness was not an issue,

the Ninth Circuit has acknowledged that a state habeas corpus petition is not filed under Nevada law until received by the court clerk. Koerner v. Grigas, 328 F.3d 1039, 1043 n.1 (9th Cir. 2003). If the court applied a prison mailbox rule to a Nevada state habeas corpus petition, then the court would be tolling the federal period of limitation during time that the state petition in fact is not properly filed and ineligible for tolling. On the other hand, the Court of Appeals for the Ninth Circuit has held that a mailbox rule applies to the tolling of the federal period of limitation while a state habeas corpus petition is pending. See, e.g, Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Smith v. Ratelle, 323 F.3d 813, 815 n.2 (9th Cir. 2003); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). These decisions, and others, ultimately draw upon Saffold v. Newland, 250 F.3d 1262 (9th Cir. 2000) (amended), overruled on other grounds, Carey v. Saffold, 536 U.S. 214 (2002). Saffold v. Newland predates the announcement of the rule in Artuz v. Bennett and its reaffirmation in Pace and Allen v. Siebert that, regardless of exceptions, a state habeas corpus petition is properly filed when it complies with the applicable state laws and rules. Furthermore, to the best of this court's knowledge, all of the cases in which the court of appeals has applied the mailbox rule for § 2244(d)(2) tolling involve California prisoners. Unlike Nevada, California observes a prison mailbox rule for its state habeas corpus petitions. See Silverbrand v. County of Los Angeles, 205 P.3d 1047 (Cal. 2009); In re Jordan, 840 P.2d 983 (Cal. 1992). The court of appeals has applied the same rule to California state habeas corpus petitions that the California courts themselves apply. If this court were to apply a mailbox rule to Nevada state habeas corpus petitions, then it would not be following the rule of Bennett, Pace, and Siebert. Instead, it would be holding that the state petition was properly filed for the purposes of § 2244(d)(2) tolling when state law dictated that it was not properly filed. For these reasons, this court will not apply a mailbox rule in determining when petitioner's state habeas corpus petition was filed.

Consequently, the petition is untimely. Between the finality of petitioner's judgment of conviction and the filing of the state habeas corpus petition, 318 non-tolled days passed. Between the conclusion of the state habeas corpus proceedings and the mailing of the federal habeas corpus petition, 52 non-tolled days passed. A total of 370 non-tolled days have passed since the finality of

petitioner's judgment of conviction. That exceeds the one-year period of limitation in 28 U.S.C. § 2244(d).

Petitioner presents two arguments for equitable tolling. "[T]he one-year statute of limitations for filing a habeas petition may be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.' The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

> [T]he prisoner must show that the "extraordinary circumstances" were the but-for and proximate cause of his untimeliness. . . . It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (citations omitted). Petitioner's first argument, that trial counsel failed to follow petitioner's directions to file a direct appeal, is unpersuasive. Even if trial counsel's failure was an extraordinary circumstance, it occurred in the beginning of both the federal and the state limitation periods. Petitioner was still able to file a state habeas corpus petition that complied with Nevada's one-year statute of limitations. See Nev. Rev. Stat. § 34.726(1). As for the federal period of limitation, counsel's failure to file a direct appeal does not explain why petitioner could not have filed a federal habeas corpus petition sooner after the conclusion of his state habeas corpus proceedings.

Petitioner's second argument, that he thought he had filed the state habeas corpus petition in March 2010 when he had mailed it, also is unpersuasive. This argument assumes that equitable tolling stops the clock in the same way that the statutory tolling of 28 U.S.C. § 2244(d)(2) does. The court of appeals has not applied a stop-the-clock rule for equitable tolling of § 2244(d). Instead, it looks upon equitable tolling as an equitable concept. As noted in Allen, petitioner must demonstrate causation as part of the requirement that he is pursuing her remedies diligently. See, e.g., Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), amended by 447 F.3d 1165 (9th Cir. 2006); Spitsyn, 345 F.3d at 799. In Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court determined that

equitable tolling might have been warranted. However, the court applied the same causation rule which it had adopted in <u>Allen</u>. The court remanded for further argument on the issue. 304 F.3d at 922-26.[2] Once petitioner learned that his state habeas corpus petition was filed in May, not March, of 2010, he needed to take that time into account for the purposes of filing a timely federal habeas corpus petition. Furthermore, this argument for equitable tolling, like the first argument, does not take into account the time <u>after</u> the conclusion of the state habeas corpus proceedings. Forty-seven days remained in the federal one-year period after the Nevada Supreme Court issued the remittitur. Petitioner does not explain why filing his state habeas corpus petition in May, not March, of 2010, made it impossible for him to file a federal habeas corpus petition in the time that he had remaining after the conclusion of the state habeas corpus proceedings.

For these reasons, the court finds that equitable tolling is not warranted.

Petitioner also has submitted a motion for appointment of counsel (#13) and a motion for discovery (#14). The motion for appointment of counsel is moot because the court is dismissing this action. Petitioner requests discovery to learn when the district attorney received a copy of his state habeas corpus petition. That information, in turn, would show when the state district court should have received the state habeas corpus petition. Discovery is not warranted. As noted above, the state habeas corpus petition was not properly filed for the purposes of 28 U.S.C. § 2244(d)(2) until the state district court actually received the petition. The district attorney's receipt of a copy is irrelevant to that question.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court must consider whether to grant a certificate of appealability because it is dismissing this action.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

---

[2] Judge McKeown's argument for a stop-the-clock rule did not have majority support. 304 F.3d at 926-27 (McKeown, J, concurring in the judgment).

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner presents multiple claims of ineffective assistance of counsel regarding the decision to plead guilty. Jurists of reason would find it debatable that he states valid claims of the denial of constitutional rights. Furthermore, jurists of reason would find the court's decision on the timeliness of the petition to be debatable. The court will issue a certificate of appealability.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#7) is **GRANTED**. This action is **DISMISSED** with prejudice as untimely.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (#13) is **DENIED** as moot.

IT IS FURTHER ORDERED that petitioner's motion for discovery (#14) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on the issue of whether the court was correct in its determination that this action is untimely.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment accordingly.

DATED: August 22, 2012.

JAMES C. MAHAN
United States District Judge